All right, we're ready for argument now in IAC-InterActiveCorp against Roston. Mr. Feller. May it please the Court, my name is Leonid Feller on behalf of IAC, IAC Publishing, and Blue Crew, and I'd like to reserve four minutes for rebuttal, please. This case presents three straightforward issues of contract interpretation, any one of which independently requires that the District Court's grant of Defendant Roston's forum nonconvenience motion be reversed. One, did the employment agreement between Roston and IAC Publishing, including its forum selection clause, remain in force after Roston changed jobs from IAC Publishing to Blue Crew? Two, even if the forum selection clause remained in force, does it require a California forum where the clause expressly states that it is non-exclusive? And three, even if the forum selection clause is mandatory, does it control post-termination tort and statutory claims that arose outside the scope of Roston's employment? So let me start with the first issue, which is whether Roston's employment agreement as CEO of IAC Publishing, an internet media business in California, continued in force after Roston became CEO of Blue Crew, a staffing business in Chicago. We think the four corners of the employment agreement are absolutely clear that it did not, and that's important. Mr. Feller, can you please focus on the April 2nd, 2020 letter with respect to this argument that the employment agreement did not remain in force after the job change? Sure, absolutely. So I'm happy to address it. Obviously, if the four corners of the contract are clear, we never even get to the separation letter. But assuming we do, assuming the court finds some ambiguity, there's three issues with it. First, the draft separation agreement was prepared after Roston was fired in April 2020. So it's not contemporaneous evidence of anything. It's not from 2017 when the employment agreement was signed. It's not even from 2019 when Roston changed jobs. And so I think it doesn't, I think what the district court did was look at it out of context to find some meaning with respect to the interpretation of the 2017 agreement. Second of all, the draft separation agreement was never signed. And so, you know, the district court's opinion seemed to say, well, we can ignore the Blue Crew term sheet that said it superseded the employment agreement. We can ignore Roston's own emails that say, hey, where's my new employment agreement? We can ignore Roston himself drafting a new employment agreement because all of those things are unsigned. And even as to the draft separation agreement, Roston says, I can't be bound to it. There's a demand in there that he returned the laptops that he misappropriated. And he said, well, I'm not bound to that. I never signed this. But somehow, again, we're going to take language out of context to bind. Isn't that part of the problem here? The complaint seems to allege that there are at least two violations of the contract that contains the forum clause. One violation is the failure to return the laptop. The other concerns the use of data. I find it very difficult to see how a complaint can say, we want relief for these two violations of that contract. And oh, by the way, other terms of that contract don't apply. The contract either applies or it doesn't. So I don't think that's right. Right. So there is no question that there is a great deal of in the complaint that is not governed by the contract. In fact, we know Blue Crew is not a signatory to the contract. Let's assume that that's true. Let's assume there are only two claims. One of them is covered by the contract, according to the complaint, and one is not. What happens when you file two claims, one of which is covered by a contract with a forum selection clause? Yep. So I do not think a forum selection clause can bind parties that are not signatories to it. And I don't think it can bind claims that aren't. I understand the argument that the employment contract drops out of the picture with the change of jobs. I understand that argument. What I don't understand is how the complaint can seek relief based on a contract that on this view went out of existence. If the contract is in existence for the purpose of being violated and supporting relief, then it's in existence for the purpose of its other clauses. You can't pick and choose the clause I like and get rid of the clause I don't like. That's my problem with your argument. I understand. And so, first of all, I want to answer your question, which is if some claims are bound by the forum selection clause and other claims are not, then the answer is that those claims may be severed. And that's meanders 800 F 3853, which is a 7th Circuit opinion. Did you ask the district court to do that? We didn't. Well, we said, well, so the answer is yes. What we said is we don't think any of this is bound. But if you think some of it is, it should be severed. The other answer to your question is, where do I go to see that request? I will. I see I'm out of time for my rebuttal. I will try and find that for you. Well, find that find it. But I would really like to see that request. Thank you, Mr. Feller. Mr. Atkinson. Morning, and may it please the court. This court must decide whether the district court in the northern district of Illinois abuses discretion in dismissing this case for nonconvenience. And there was no abuse of discretion here. It's important to remember that the genesis of this case was a preemptive strike with appellants IAC and IAC publishing to non Illinois corporations suing for pure declaratory relief regarding the valuation of IAC publishing a California headquartered IAC subsidiary for which Adam Roston served as CEO for years in California. Appellants filed suit in the northern district of Illinois in violation of the California Forum Selection Clause, Mr. Roston's 2016 employment agreement, which both of them signed. Counsel you you rather beg the question by saying in violation of the Forum Selection Clause. The Forum Selection Clause applies to disputes arising out of or related to this agreement. And Roston says there are some issues that don't arise out of that are not related to this agreement. What are we supposed to do with them? I believe you said Roston says that. Do you mean I want to say that?  Plaintiff. So. So what do we do? It's a version of the question. I asked Mr. Feller what we do when we have some claims that are covered by a forum selection clause and some claims that are not. So the answer, Your Honor, is you look to whether they arise out of the same facts and when all the claims arise out of the same facts, they are all covered. It says arise out of or related to this agreement, not the same facts. Right. I believe you're asking view of the facts. It arises out of the dispute between these parties. That's rather too global. I wish you'd address my question. What do we do? What should we do where we is the judiciary where you have some claims that appear to be covered by a forum selection clause and some that don't? So the answer, Your Honor, is you treat them all as covered. And under the Valley Forge case cited in the papers, when there is a dispute that is fundamentally related to a contractual agreement, the terms of the contract, including a forum selection clause, govern the dispute, even if the plaintiff brings claims sounding in tort rather than contract law. Let me. And so related to a very broad council. Valley Forge may be a very nice decision, but it's a decision by a district judge in the southern district of Indiana five years ago. We continually remind lawyers that district judge decisions have no preclusive effect. If they've got something persuasive to say, fine. But I'm asking a question about legal authority, right? Is there some decision of the Seventh Circuit or the Supreme Court of the United States or even heaven forfend of the American Law Institute in one of their restatements? Just saying, well, I can point to one district judge and the plaintiffs have pointed to three different district judges doesn't really get to the heart of it. So, Your Honor, to answer your question, I don't have a case at my fingertips. I do have the overarching principle involved in forum nonconvenience, which is one of judicial efficiency. And so when you are going to be litigating the same facts in two different fora, it does not make sense as a practical matter to sever the claims. It makes it doubly inconvenient for the courts. It makes it doubly inconvenient for the witnesses. It raises issues of conflicting rulings. And so I would argue that Valley Forge, although a district decision that is not binding on this court, it certainly is persuasive for the logic when viewed in the context of the purpose of a forum nonconvenience analysis. So, ultimately here, the appellant should be held to their contractual commitments in the employment agreement, which Mr. Winniarski, the general counsel for IAC stated was terminated effective April 1, 2020. That confirms that it was still in effect through that date. The separation letter was signed by Mr. Winniarski for IAC, which means it was IAC making representations. And that's a key distinction between the other documents that Mr. Rauston did not sign. We're not seeking to hold IAC or IAC Publishing or Blue Crew to any agreement that they have not expressly represented they are bound or willing to be bound by. The separation letter defined the company as including all appellants, including IAC and Blue Crew. We're not arguing that the definition of the company in the separation letter is or must be the same as the definition of the company in the employment agreement, but both do in fact apply to Blue Crew. That's because the employment agreement is structured to be flexible. This is consistent with how IAC structures its affairs overall with different affiliates taking different steps at different times. And Mr. Rauston was a direct report of IAC's CEO, Joey Levin, throughout his entire employment, whether he was CEO of IAC Publishing or Blue Crew. When you look at the Mr. McClendon, let me get your reaction to this. If if we're not going to resolve this on the basis of just the plain meaning, as Mr. Feller argues and as you argue against. Are you sure that the question here can be resolved without some fact finding by the district court? And here's why I'm asking that, OK? You're arguing that the fairest inference from the totality of all of this information, including the draft letter and the representation made in the letter. The fairest inference is that the employment continued under the prior contract. OK, your adversary is arguing for a different inference from those same exact that same exact collection of facts and circumstances. And so in preparing for this, I wondered if we're not going to resolve it on the plain meaning. In other words, the employment with IAC ceased. When your client went to work for Blue Crew. Then I wonder whether there didn't need to be some fact finding. About whether whether there he continued to work under an agreement and was that agreement the same or different than the prior one? Thank you. I believe that the answer is the court did find facts in that regard. The district court analyzed their arguments with respect to how the agreement operated. What was in Mr. Winniarski's letter as reflecting the intent of the parties going forward on an ongoing basis? We also submitted evidence to the court showing that Mr. Roston's association with IAC publishing did not terminate when he became CEO of Blue Crew. He continued to be listed as president of IAC publishing and perform work for IAC publishing. So should we review the so should we review the motion to dismiss in the various findings in it for clear error? I believe that would be the correct standard as to those factual findings, your honor. So I want to address one other issue, which is raised by Mr. Feller, which is the reference to non-exclusive jurisdiction. And while Mr. Roston and the district court come at it from slightly different angles, the result is the same. The selection of California courts is is mandatory. And the reference to non-exclusive jurisdiction, the district court concluded, referred to California courts as against all other courts. Mr. Roston was focused on the enforceability of judgments versus the dispute itself. The key here to both analyses is Little Roman numeral four in section five, which is found at page 13 of the appendix, which the parties agree that a judgment or order of any court referred to above. That's a California state or federal court. Is conclusive and binding on it and may be enforced against it in the courts of any other jurisdiction. It makes no sense to include that language if the California courts are anything but the exclusive forum. Because, for example, if there were judgments in Illinois, this contract would not permit it to be enforced in any other state. And that would govern under the doctrine of express use. So ultimately, the contract language is clear that California courts are the exclusive forum here. I want to point out also that the plaintiff's arguments that they're entitled to deference on their forum don't apply in the context of a declaratory relief action, which is what this started as. And that's true under both Hyatt, which Mr. Roston cites and research automation, which appellate site. Ultimately, and I see I'm almost out of time. I wanted to conclude by saying that the district court here did not abuse its discretion in weighing all the factors. And that if this court does not affirm the case, it should remand to the district court so that it can so that it can express the way the private factors under the form nonconvenience analysis, setting aside the forum selection clause. Mr. Atkinson. Anything further, Mr. Feller? Yes. So first, I wanted to answer your question, which is where we asked for severance. That was in our opposition to their forum nonconvenience motion. It's at both pages four and 18 at page four. So we say fourth, if the court were to conclude that some but not all of the claims are governed by the forum selection clause, the appropriate remedy to be what would be to sever those claims, not to dismiss the entire case, citing, among other things, this court's opinion in Emperax back from 1970. So I think we did ask for severance. I think if the court concludes that some but not all claims are governed by the forum selection clause, I think severance is one possibility. But then I do think the court then needs to reach the non-exclusive language in the forum selection clause so that even if the agreement governs, the question is whether it is exclusive or non-exclusive. Mr. Atkinson agrees the district court got it right. So what the district court said, well, what non-exclusive means is state versus federal courts in California. We both agree that's wrong. Neither side argued that candidly. It's hard for me to understand where that came from. And we also know it's wrong because the agreement expressly says you can file in federal court in California. If federal court's not available, you can file in state court. Mr. Atkinson's interpretation, which is, well, what non-exclusive means is that you can only sue in California, but you can enforce a judgment anywhere. The part he just read, again, is what demonstrates that has to be wrong because, again, it expressly says, first of all, it's in a different part of the clause. It's at the very end of the link. So I don't know why we would look at non-exclusive three or four sentences earlier in the clause. But it doesn't make any sense that it would simply, non-exclusive would repeat or preface what the agreement says expressly. And so I think non-exclusive means exactly what it says. And Judge Easterbrook, to your point, I don't want to cite, you know, a dozen district court cases that are in our brief. But case after case after case says if it's non-exclusive, then, you know, it means what it says. Also, if the court were to find that some but not all claims are governed, then I think it also, the court also has to go to the blue crude term sheet, which expressly says that it supersedes all prior agreements. And, you know, the contract claims that potentially arise out of the agreement, confidentiality provisions related to returning property, not disseminating property. Those expressly have a survival provision. Mr. Feller, is there anything in the record that suggests that Mr. Rauston ever received or saw the term sheet? So. In the record? In the current record, no. In subsequent developments, yes. We have a report from the forensic expert. It seems hard to me to say that there's been a modification of the employment agreement that was achieved through the term sheet. Okay. By referencing a document that your adversary never received or saw. Well, well, look, I think we can assume that that he saw. There's no evidence he didn't see it. He didn't argue. I don't I mean, I don't who can assume. I mean, he's not willing to assume that. Well, at the well, then perhaps we do need fact development on that issue. But at the we're we're agreed. I take it that he didn't sign it. I know no one. No one signed that. Correct. But the other point of the term sheet, I know I'm out of time. And I'll thank you very much. Counsel. Thank you. The case is taken under advisement.